■ STANLEY AXELROD et al., Respondents-Appellants, v ANTHONY GLIEDMAN, Individually and as Commissioner of the Department of Housing Preservation and Development of the City of New York, Appellant-Respondent, and ANTHONY J. CONTELLO HOUSING COMPANY, Respondent. DAYTON TOWERS, Petitioner, v MILTON FISHKIN, Respondent. — Order, Supreme Court, New York County (M. Taylor, J.), entered January 11, 1984, denying defendant Gliedman's motion to dismiss the complaint in the Supreme Court action, consolidating said action with a summary proceeding pending in the Civil Court, Queens County, and denying plaintiffs' motion for a preliminary injunction, is unanimously modified, on the law, to the extent that defendant's motion to dismiss the complaint in the Supreme Court action pursuant to CPLR 3211 (subd [a], par 7), for failure to state a cause of action, is granted, and the complaint and amended complaint in the Supreme Court action are dismissed as against defendant Gliedman, individually and as Commissioner; in the exercise of discretion. The motion for consolidation is denied; the first, fourth, fifth and sixth decretal paragraphs of the order are stricken; and the order is otherwise affirmed, without costs.

Defendant Gliedman is the Commissioner of the Department of Housing Preservation and Development of the City of New York (HPD). HPD is the supervising agency in the City of New York of limited-profit housing companies organized pursuant to article II of the Private Housing Finance Law (the Mitchell-Lama Law). (Private Housing Finance Law, § 2, subd 15.)

Mitchell-Lama housing is designed to be available for persons of limited income. (Private Housing Finance Law, § 31, subd 2, par [a].) Where such income exceeds the limitations, the occupant may be subject to a rent surcharge not to exceed 50%. (Private Housing Finance Law, § 31, subd 3.) In the course of the performance of its duties to administer and supervise Mitchell-Lama housing, HPD requires information as to the annual income of occupants and conducts sporadic verifications at which time it requires the occupant to submit to the housing company a duly executed copy of his State income tax return for the preceding year. When it made that requirement as to the housing in which plaintiffs reside, they declined to produce their State income tax returns and brought this action to enjoin HPD as well as the housing company from proceeding to obtain the tax returns.

The complaint (and the amended complaint which Special Term has authorized to be served) fails to state a cause of action against HPD. HPD's requirement that plaintiffs occupants furnish copies of their State income tax returns is within its statutory and regulatory powers, and is not a violation of plaintiffs' rights. The requirement was made in the course of HPD's express authority pursuant to its regulations to engage in verification based on spot-checking procedures determined by HPD (Regulations, art III, § 4 [e]). Furnishing the income tax returns is a particularly appropriate method of checking, as subdivision 29 of section 2 of the Private Housing Finance Law defines income as the income "as reported in the New York state income tax return" with certain adjustments, and the regulations explicitly require copies of income tax returns to be furnished at the time of application for admission to the development. Occupancy agreements are explicitly made subject to the rights and powers of HPD, by all of which the parties agreed to be covered, and post-1970 occupancy agreements specifically provide for furnishing copies of income tax returns on request.

The requirement to furnish the State income tax returns does not violate any provision of Federal law or Constitution.

As we are dismissing the complaint and the amended complaint in the Supreme Court action, the provision for consolidation with the summary proceeding in the Civil Court, Queens County, must fall with it. In any event, there are no common

questions of fact between this Supreme Court action and the summary proceeding in the Civil Court, Queens County, and the cases would not be appropriate for consolidation. Concur — Sandler, J. P., Ross, Carro, Silverman and Alexander, JJ.